AARON D. FORD
  Attorney General
KATHLEEN BRADY (Bar No. 11525)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 Wright Way
Carson City, NV 89711
(775) 684-4605 (phone)
(775) 684-4601 (fax)
kmbrady@ag.nv.gov

*Attorneys for State of Nevada,*
*Department of Public Safety,*
*Department of Motor Vehicles*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Herbert S. Olson,<br><br>            Plaintiff,<br><br>      vs.<br><br>State of Nevada, Department of Public Safety,<br>Department of Motor Vehicles and DOES 1-10<br><br>            Defendants. | Case No.  3:22-cv-00471-MMD-CLB<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFF HERBERT S. OLSON'S COMPLAINT** |

Defendants the State of Nevada Department of Motor Vehicles (DMV) and the Department of Public Safety (DPS), by and through their attorneys, Aaron D. Ford, Attorney General of the State of Nevada, and Kathleen Brady, Deputy Attorney General, hereby submits this Motion Dismiss, pursuant to Fed. R. Civ. Proc. 12(b). This Motion is brought pursuant to the attached Memorandum of Points and Authorities, the attached Exhibits, the papers, and pleading(s) on file with this Court, and any oral argument the Court may receive in this matter.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     BRIEF STATEMENT OF THE CASE**

Plaintiff, Herbert S. Olsen, sues Defendants under Title II of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act (RA), and NRS 484B.467. *See* Complaint. Olsen provides that DPS and DMV are public entities subject to the ADA and that he is a qualified individual with a disability. Olson argues that was denied access to DMV and DPS's counsel's office at the DMV building after counsel filed a Motion to Dismiss in his case against DPS (3:22-cv-00232-ART-CLB). Complaint at 3. He argues that he was denied equal access to the DPS and DMV locations at 555 Wright Way, Carson City, NV, 89711 when those locations have "similar violations" to the DPS Parole and Probation's Fallon office (which is the subject of 3:22-cv-00232-ART-CLB). *Id*. at 3-4. He provides that he "refused at that time to enter" DPS and DMV for not being in compliance with Title II of the ADA. Id. at 4. In his prayer for relief, Olson seeks a jury trial, a judgment of $1,000,000.00; expert fees, costs, and expenses; other monetary damages; the cost of the complaint; compensatory damages for his "fear, humiliation, anger, and other forms of emotional distress, anxiety, disappointment, and made an outcast as a result of the violations"; and any other relief that justice might require. Complaint at 14-17, 19.

However, Olson's Complaint should be dismissed with prejudice. As will be discussed in more detail below, Defendants are entitled to judgment as a matter of law because Olson lacks standing and he fails to allege any ADA, RA, and/or state law claims. Olson has failed to allege any violations for which he is injured. And he has not identified any programs or services offered by Defendants for which he is qualified to participate in and was denied access to or for which he was denied accommodations. All told, Olson's claims all fail as a matter of law and should be dismissed with prejudice.

**II.    RELEVANT FACTUAL AND PROCEDURAL HISTORY**

For the purposes of this Motion to Dismiss, this Court takes Olson's factual allegations as true.

**III.   LEGAL STANDARD**

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to move for the dismissal of a claim or cause of action when the district court lacks subject matter jurisdiction. Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move for the dismissal of a claim or cause of action as a matter of law. Review under Rule 12(b)(6) is essentially a ruling on a

question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*. Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## IV.   LEGAL ARGUMENT

An order granting dismissal is appropriate here as Defendants are entitled to judgment as a matter of law when Olson lacks standing and Olson fails to allege any ADA, RA, and/or state law claims. Each reason for dismissal shall be addressed in turn.

### A.   Olson Lacks Standing to Bring This Case.

Olson lacks standing to bring his claims. *Aetna Life Insurance Co. of Harford, Conn v. Haworth*, 300 U.S. 227, 240 (1937). The United States Supreme Court has established that there are certain minimal requirements that must be met before a party has standing to bring an action before the court. A party establishes standing when it demonstrates the existence of: (1) an actual, concrete and particularized

///

///

-3-

"injury in fact;" (2) "a causal connection between the injury and the conduct complained of"; and (3) a likelihood that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations and quotations omitted).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To have standing to state a claim, Olson must have suffered an "injury in fact"—"an invasion of a legally protected interest which is [] concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id*. at 560-61 (internal quotations and citations omitted). However, Olson fails to raise a claim involving a "concrete and particularized" invasion of a legally protected interest that is actual or imminent. Indeed, Olson does not allege any harm that he suffered.

Olson argues that his injury is his "inability to readily access" the DPS and DMV's Attorney General's counsel's office located at 555 Wright Way on September 2, 2022 "and resulting denial of the benefits of the public services." Complaint at 7, 11. He references access to restrooms, telephones, and drinking fountains. *Id*.

However, Olson admits that he did not attempt to enter the DMV/DPS building. And he had no reason to be there. While counsel's office is wheelchair accessible, Olson had no right to access to DMV and DPS counsel's office. He has no right to show up at opposing counsel's office and demand admittance when there is privileged and confidential material contained therein.

While the Attorney General's Office does offer public services, in-house Attorney General counsel does not provide those public services. Had Olson had need of publically-available services from the Attorney General's Office, he could have attempted to access the Attorney General's Office. Instead, he purports that he sought but was denied "readily accessible" access to Defendants in-house counsel's office. Olson is not entitled to "readily accessible" access to opposing counsel's office space.

Olson also had no reason to interact with DMV or DPS and was not seeking any public services offered by either agency. Instead, it appears that his goal was to file a second lawsuit when he realized that his first lawsuit might fail, and to seek a judicially-forced recusal of Defendants' counsel in the initial lawsuit based on this second lawsuit. *See* 3:22-cv-00232-ART-CLB.

Olson further argues that his "injury is the State's denial of the benefits of the public services, programs and activities" and has caused his emotional distress, anxiety, humiliation, nervousness, and has degraded his reputation. Complaint at 11. Because Olson does not provide that he sought access to and was actually denied any public services, his emotional state is not injury that is redressable in this action. Indeed, DMV and DPS are wheelchair accessible and Olson does not argue that there were any services that were offered that were denied to him. Because Olson's claims presumably relate to hypothetical future interactions with DMV or DPS, Olson is not an injured or an aggrieved party here and has no standing to advance his action. Indeed, courts have a duty to avoid advisory opinions and, rather, to resolve actual controversies by enforceable orders.

**B. Olson Fails to Allege ADA, RA, or State Law Claims.**

Pursuant to Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a Title II claim, a plaintiff must allege that (i) he is an individual with a disability; (ii) he is otherwise qualified to participate in or receive the benefit of the services, programs, or activities; (iii) he was either excluded from participation in or denied the benefits of the state's services, programs, or activities, or was otherwise discriminated against by the state; and (iv) such exclusion, denial, or discrimination was by reason of his disability. *McGary v. Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

Discrimination under Title II of the ADA includes a public entity's failure to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

Pursuant to the Rehabilitation Act, "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). To prevail on a section 504 claim, an individual must show that (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in

or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability. *Bircoll v. Miami–Dade Cnty.,* 480 F.3d 1072, 1083 (11th Cir. 2007). Because Congress modeled the ADA after the RA, "[t]here is no significant difference in analysis of the rights and obligations created by the [two Acts]." *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n. 11 (9th Cir.1999). Accordingly, if an entity complies with the ADA, they are considered to be complying with the RA as well.

In making his ADA and RA arguments, Olsen cites to section 36.403 for path of travel alterations, section 502 for handicap parking standards, NRS 484.408 (2013) (replaced in revision by NRS 484B.467) for parking spaces, section 642 for sidewalk design, section 642.86 for landings, section 406.4 for landings and curb ramps, section 705 for detectable warnings, section 216 for signs, and NRS 484B.467 for handicap parking. Complaint at 7-10. He adds references ADA Accessibility Guidelines for Transportation Vehicles, e.C.F.P, 36 CFR Part 1192 (citing 42 U.S.C. 12101-12213 and 49 U.S.C. 322), and Department of Transportation regulations section 38.23(d). Complaint at 10.

However, Olson never connects these Acts, regulations, and statutes to any actual violations. Olson instead argues that his "inability to readily access the facility and resulting denial of the benefits of the public services" caused him injury. Complaint at 7. He references access to restrooms, telephones, and drinking fountains. *Id*. However, he admits that he never attempted to access the building or any of these amenities. *Id*.

In Count 1, Olson argues that Defendants discriminated against him by denying him access to and enjoyment of "one or more of the goods, services, programs, facilities, privileges, advantages, and/or accommodations by failing to remove substantially all architectural barriers." Complaint at 14, 15. He refers to accessible sidewalks and curb ramps with technical warnings and insufficient disability parking spaces. Id. In making this argument, Olson fails to elucidate on what programs or accomodations were denied to him, and what architectural barriers prevented him from attempting to enter Defendants' building. Instead, Olson seemingly attempts to argue that a new standard should be imposed—the standard of whether a building is "readily accessible." He provides that the facility is not "readily accessible," but fails to cite to any authority for a "readily accessible" standard to be used in these

cases. Complaint at 7. He  ignores that to prevail on his ADA and RA claims, he must show that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and that the exclusion, denial of benefit, or discrimination was by reason of the his disability. *Bircoll,* 480 F.3d at 1083. Olson does not attempt to and cannot make this showing.

Olson entirely fails to allege that Defendants excluded him from participation in or denied him the benefits of Defendants' services, programs, or activities, or otherwise discriminated against him. He also fails to allege that any such exclusion, denial of benefit, or discrimination was by reason of his disability. Moreover, Olson admits in his initial case against DPS that the Department of Justice's (DOJ) revised regulations that were published in 2010 require compliance with the "2010 Standards for Accessible Design" for new construction and alteration. (3:22-cv-00232-ART-CLB, Complaint ¶ 54). However, he never alleges that the building was built or renovated after 2012 and would be subject to these provisions. He also fails to indicate what deficiencies exist in the facility. This is likely because he admits that he failed to even attempt to access the facility even though he also admits that there was handicap parking with van access. Complaint at 18. Olson cannot be seeking to redress any actual wrong that caused him harm when he admits to not even attempting to access the building.

In Count 2, Olson argues that Defendants violated section 504 of the Rehabilitation Act by maintaining public rights of way that are not accessible to all people who rely on mobility devices, including wheelchairs. Complaint at 16-17. However, Olson again fais to indicate how the facility is not accessible via wheelchair. He also does not argue that the laws provide a right to access that is different from the access that is already provided for the handicapped. And he does not contend that he was denied any services or accommodations offered by Defendants. Instead, he argues that he somehow has a right to access Defendants' counsel's office space even though it is a non-public space, containing privileged and confidential materials, and Defendants' counsel does not provide services or advice to opposing parties.

/ / /

/ / /

/ / /

In Count 3, Olson argues that the signs still have references to NRS 484.408 on the bottom when all parking lots are required to have handicap parking van access aisle sign in compliance with NRS 484B.467. Complaint at 18. However, this argument is untenable since NRS 484.408 and NRS 484B.467 are the same statute. In 2015, NRS 484.408 was replaced in revision by NRS 484B.467. *See* AB 103 (2015). During this statutory change, there were no revisions to the handicap parking van access aisle signage requirements and there have not been any changes since. *See* NRS 484B.467. There is no statutory requirement that Defendants update their signs—which are compliant with NRS 484B.467-- because of the location change of the statutory authority for the signs.

Under Rule 8(a), a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Olson's complaint does not plausibly allege he was excluded from participation in or denied the benefits of Defendants' services or that he was discriminated against on account of his disability. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (stating that one element of a Title II claim is that the plaintiff was "either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity"). Olson's Complaint lacks the necessary facts to make his claims under Title II of the ADA plausible. In all three claims, Olson lacks sufficient detail to give Defendants fair notice regarding the alleged discrimination against him due to a disability. Olson states that reasonable modifications are necessary to prevent or stop harm. However, no actual modifications are suggested and no specific services that were actually denied are listed. Olson's Complaint does not describe the alleged benefit for which he was eligible nor is any benefit identified from which he was excluded due to his disability.

"In ADA cases, the plaintiff bears the burden of establishing the elements of the prima facie case, including—if needed—'the existence of a reasonable accommodation' that would enable him to participate in the program, service, or activity at issue." *Pierce v. Cty. of Orange,* 526 F.3d 1190, 1217 (9th Cir. 2008) (citation omitted). The Complaint contains no mention of operative facts that would indicate that Defendants denied Olson any reasonable accommodation.

/ / /

/ / /

Because Olson has not sufficiently described any participation or benefits of the services offered by DMV or DPS that were denied, the Complaint fails to state a claim. Accordingly, the claims for relief should be dismissed with prejudice.

### C. Injunctive Relief is Not Appropriate.

Further, injunctive relief is not available "absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (quotation omitted); *see also Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1044 (9th Cir. 1999) ("In the absence of a likelihood of injury to the named plaintiffs, there is no basis for granting injunctive relief that would restructure the operations of" a governmental agency). Olson is not entitled to injunctive relief because he cannot show any likelihood that he will suffer an immediate and irreparable injury.

### D. This Case Should be Dismissed with Prejudice Without Leave to Amend.

As a final matter, Olson should not be granted leave to amend the Complaint because an amendment would be futile. Although the Court may grant leave to amend 'when justice so requires,' Fed. R. Civ. P. 15(a)(2), an amendment here would be a waste of judicial resources as Olson lacks standing and Olson fails to allege any ADA, RA, or state law claims against Defendants.[1]

---

[1] Additionally, even if this case could proceed, Olson cannot recover monetary damages. To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the public entity. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001) (as amended). The appropriate test for intentional discrimination is deliberate indifference, which, in this context requires both knowledge that a harm to a federally protected right is substantially likely, and failure to act upon that likelihood. *Id.* at 1138-39. In *Lovell v. Chandler*, 303 F.3d 1039 (9th Cir. 2002), the court stated:

> The first element is satisfied when the public entity has notice that an accommodation is required. *Id.* The second element is satisfied if the entity's "failure to act [is] a result of conduct that is more than negligent, and involves an element of deliberateness." *Id.* Under the second element, "a public entity does not 'act' by proffering just any accommodation; it must consider the particular individual's need when conducting the investigation into what accommodations are reasonable." Id. (footnote omitted).

*Lovell*, F.3d at 1056 (quoting *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001). Based on the facts as provided by Olson, he cannot make this showing.

**V.      CONCLUSION**

For the foregoing reasons, Defendants respectfully requests that this Court dismiss this case in its entirety with prejudice.

DATED this 28th day of November, 2022.

AARON D. FORD
Attorney General

By: /s/ Kathleen Brady
     Kathleen Brady (Bar. No. 11525)
     Deputy Attorney General

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on November 28, 2022, I filed the foregoing document via this Court's electronic filing system. Parties that are registered with this Court's EFS will be served electronically. For those parties not registered, service was made by depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Carson City, Nevada to the following:

HERBERT S. OLSON
PO BOX 815
FALLON, NV 89406

/s/ M. Neumann
M. Neumann, an employee of
the Office of the Nevada Attorney General