UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HERBERT S. OLSON, <br><br>       Plaintiff,<br><br> v.<br><br>STATE OF NEVADA, DEPARTMENT OF PUBLIC SAFETY, *et al.*,<br><br>       Defendants. | Case No. 3:22-cv-00471-ART-CLB<br><br>ORDER |

    Pro se Plaintiff Herbert S. Olson brings this case against the State of Nevada, Department of Public Safety (DPS), and the Department of Motor Vehicles (DMV) alleging violations of the Americans with Disabilities Act (ADA), the Rehabilitation Act, and NRS 484B.467. Currently before the Court are Defendants' Motion to Dismiss, (ECF No. 4), Defendants' Motion to Strike ECF No. 13 (ECF No. 17), Plaintiff's Motion for Expeditious Resolution (ECF No. 23), and Defendants' Motion to Strike ECF No. 23 (ECF No. 25). For the reasons stated below, the Court will deny Defendants' Motion to Dismiss and deny the other motions as moot.

**I. BACKGROUND**

    The following allegations are adapted from Plaintiff's complaint (ECF No. 1). Plaintiff, a resident of Carson City, Nevada, visited the DPS and DMV facility located at 555 Wright Way, Carson City, Nevada, 89711 on September 2, 2022. Plaintiff's initial reason for visiting the facility was to meet with Deputy Attorney General Kathleen Brady to discuss a case that was pending at the time. Upon arriving, Plaintiff observed that the facility was not in compliance with Title II of the ADA. Plaintiff is paralyzed from the neck down on the left-side of his body. Upon discovering the ADA violations, Plaintiff refused to enter the facility. Plaintiff complains of injury suffered because the facility was not "readily accessible,"

resulting in the denial of the benefits of the public services offered by the DPS and DMV. Plaintiff also states that the denial of benefits caused him emotional stress, anxiety, humiliation, nervousness, and made him feel like an outcast, among other injuries.

The complaint alleges three counts. First, it alleges violations of Title II of the ADA. 42 U.S.C §§ 12131–34. Second, it alleges violations of Section 504 of the Rehabilitation Act. 29 U.S.C. § 794. Third, it alleges a violation of NRS 484B.467, which requires signage for handicapped parking places. Olson also alleges violations of specific state and federal laws and regulations to support his claims. (ECF No. 1 at 6–11.)

Defendants now move to dismiss Plaintiff's complaint under two theories. (ECF No. 4.) First, Defendants argue Plaintiff lacks standing to pursue his claims. Second, Defendants argue that Plaintiff has failed to state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6). Plaintiff responded (ECF No. 12) and Defendants replied (ECF No. 16). The Court disagrees with Defendants and finds that Plaintiff has met the Ninth Circuit's requirements for injury in fact in ADA cases and stated a plausible claim for relief.

**II.    DISCUSSION**

The Court begins with the question of Plaintiff's standing. Because Article III limits federal court jurisdiction to cases and controversies, a plaintiff must satisfy the constitutional requirement of standing which "requires a plaintiff to have suffered an injury in fact, caused by the defendant's conduct, that can be redressed by a favorable result." *Langer v. Kiser*, 57 F.4th 1085, 1092 (9th Cir. 2023) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "[A]n injury in fact must be concrete, particularized, and actual or imminent, not hypothetical." *Langer*, 57 F.4th at 1092. A standing analysis depends on the facts as they exist when the complaint is filed. *Id.* Because Plaintiff requests injunctive relief, he must also show a "a sufficient likelihood of injury in the future to

establish standing." *Id.*

In *Langer*, the Ninth Circuit recently clarified its standing jurisprudence for ADA claims.[1] To establish standing under the ADA, a plaintiff "must have actual knowledge of an access barrier or ADA violation. But the plaintiff need not personally encounter the barrier or physically visit the place." *Id.* at 1094 (citation omitted). When injunctive relief is requested, encountering an ADA violation in the past is not sufficient. *Id.* "[A] plaintiff must establish a sufficient future injury by alleging that they are either currently deterred from visiting . . . because of a barrier, or that they were previously deterred . . . intend to return . . . [and] are like to reencounter the barrier." *Id.* In addition, "a plaintiff's motive for going to a place . . . is irrelevant to standing." *Id.*

The court in *Langer* found the plaintiff established standing under similar facts to this case: "[The plaintiff] physically went to a store near his home, saw . . . a lack of accessible parking in violation of the ADA, and spent time . . . document[ing] the violations. . . . [H]e is currently deterred from patronizing the [store] . . . [and] intends to return . . . once the store provides accessible parking." *Id.* at 1099. Plaintiff's "injury in fact" here is remarkably similar. Plaintiff visited the DPS and DMV facility, observed ADA violations that deterred him from entering the facility, and documented the violations. Plaintiff's intent to return is implicit because the DPS and DMV provide public services that Plaintiff is entitled to as a resident of Nevada. Plaintiff has therefore established injury in fact.

Defendants contend that there is no injury in fact because Plaintiff did not attempt to enter the facility. Defendants also take issue with Plaintiff's motivation

---

[1] The Court acknowledges that *Langer* and the line of cases it cites analyze standing under Title III of the ADA. The distinction between Title II and Title III of the ADA is that Title II applies to public entities, while Title III applies to places of public accommodation. *See* 42 U.S.C. §§ 12132, 12182. Because this distinction does not appear to bear on the standing analysis under the statute, the Court adopts the standard as set out in *Langer*.

3

to visit the facility. But as shown above, no attempt to enter is required, and a Plaintiff's motivations are irrelevant. Plaintiff was deterred from entering due to alleged ADA violations and sufficiently established an implicit intent to return.

Plaintiff's established injury in fact is fairly linked to Defendants' alleged violations of the ADA, and a favorable order from this Court would redress Plaintiff's injury. Thus, Plaintiff has standing to bring this claim.

Having established Plaintiff's standing, the Court now turns to the sufficiency of Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6). A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *See id.* at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *See id.* Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts

1  that allow a court to draw a reasonable inference that the defendant is liable for
2  the alleged misconduct. *See id.* at 678.

3        42 U.S.C. § 12132 provides that "no qualified individual with a disability
4  shall, by reason of such disability, be excluded from participation in or be denied
5  the benefits of the services, programs, or activities of a public entity, or be
6  subjected to discrimination by any such entity." In order to state a claim of
7  disability discrimination under Title II of the ADA, Plaintiff must allege four
8  elements: (1) he is an individual with a disability; (2) he is otherwise qualified to
9  participate in or receive the benefit of some public entity's services, programs, or
10 activities; (3) he was either excluded from participation in or denied the benefits
11 of the public entity's services, programs, or activities, or was otherwise
12 discriminated against by the public entity; and (4) such exclusion, denial of
13 benefits, or discrimination was by reason of his disability. *McGary v. City of*
14 *Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004). If Plaintiff can state a claim under
15 the ADA, he also states a claim under the Rehabilitation Act. *See Zukle v. Regents*
16 *of Univ. of California*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) ("There is no
17 significant difference in analysis of the rights and obligations created by the ADA
18 and the Rehabilitation Act.").

19       Accepting as true all well-pleaded factual allegations in the complaint, the
20 Court finds that Plaintiff has stated a plausible claim for relief. Plaintiff alleges
21 that he is a qualified individual with a disability, specifically referencing paralysis
22 from the neck down on the left side of his body. (ECF No. 1 at 4–5.) Plaintiff alleges
23 that he is a natural citizen of the United States residing in Carson City, Nevada,
24 which qualifies him to receive the benefits of the DPS and DMV's services. (ECF
25 No. 1 at 4.) Plaintiff alleges that because of the DPS and DMV facility's purported
26 ADA violations, he was unable to readily access the facility and was denied the
27 benefits of the public services offered there. (ECF No. 1 at 7). Finally, he alleges
28 that the injury caused by the denial of benefits is linked to his status as a

qualified individual with a disability. (ECF No. 1 at 11.) At this stage of litigation, nothing more is required. Thus, the Court denies Defendants' Motion to Dismiss.

## III.     CONCLUSION

Defendants' Motion to Dismiss (ECF No. 4) is denied. Because Defendants' Motion to Strike ECF No. 13 (ECF No. 17), Plaintiff's Motion for Expeditious Resolution (ECF No. 23), and Defendants' Motion to Strike ECF No. 23 (ECF No. 25) are all resolved by this ruling on Defendants' Motion to dismiss, each of those motions are denied as moot.

DATED THIS 29th day of September 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE