**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| HERBERT S. OLSON, | Case No. 3:22-CV-00471-ART-CLB |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS** |
| v. | [ECF Nos. 56, 57] |
| STATE OF NEVADA, DEPT. OF PUBLIC SAFETY, *et al.*, | |
| Defendants. | |

Before the Court are Plaintiff Herbert S. Olson's ("Olson") motions for sanctions for spoliation of evidence.[1] (ECF Nos. 56, 57.) For the reasons stated below, both motions are denied.

In his motions, Olson argues for spoliation sanctions because Defendants "failed to preserve critical evidence, including photographs documenting alterations." (ECF No. 56 at 2, ECF No. 57 at 2.) Olson seeks sanctions in the form of adverse inference jury instructions, excluding Defendants defenses relating to the spoliated evidence, award of monetary sanctions, and "impose further relief the Court deems just." (ECF No 56 at 7, ECF No. 57 at 6.)

Discovery in this case closed on February 3, 2025, and dispositive motions were due on March 5, 2025. (ECF No. 50.) Defendants filed a motion for summary judgment on March 5, 2025, (ECF No. 53), which the Court granted on January 15, 2026.[2] (ECF No. 55.) Olson filed his motions for discovery sanction on March 23 and 25, 2026, more than one year after the deadline to file dispositive motions. (ECF Nos. 56, 57.)

"It is well-established that 'unreasonable delay can render a spoliation motion untimely.'" *Larios v. Lunardi*, 442 F. Supp. 3d 1299, 1305 (E.D. Cal. 2020), *aff'd*, 856 F.

---

[1]   Although not identical documents, the motions for spoliation sanctions are substantively the same. (*Compare* ECF No. 56 *with* ECF No. 57.)

[2]   Olson did not oppose Defendants' motion for summary judgment.

App'x 704 (9th Cir. 2021) (quoting *Cottle-Banks v. Cox Commc'ns, Inc.*, No. 10cv2133-GPC (WVG), 2013 WL 2244333, at *16 (S.D. Cal. May 21, 2013)); *Lessin v. Ford Motor Co.*, 756 F. Supp. 3d 885, 927 (S.D. Cal. 2024); *see Montoya v. Orange Cnty. Sheriff's Dep't*, No. SAVC 11-1922 JGB (RNBx), 2013 WL 6705992, at *6 (C.D. Cal. Dec. 18, 2013) (finding that "[w]aiting over five months to file a sanctions motion seeking dispositive relief three months after the motion cut-off deadline could be considered unreasonable delay"). Here, Olson does not explain why his one-year delay in filing the motions for spoliation sanctions is reasonable. (*See* ECF Nos. 56, 57.) The Court therefore finds that Olson's motions for spoliation sanctions are untimely because they were unreasonably delayed by over one year. *Larios*, 442 F.Supp. 3d at 1305. Consequently, Olson's motions for sanctions are denied as untimely.

IT IS THEREFORE ORDERED that Olson's motions for spoliation sanctions, (ECF Nos. 56, 57), are DENIED.

DATED: March 27, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

2